JOHN H. TRAVIS, PLAINTIFF IN ERROR, v. ALFRED S. COOLEY, DEFENDANT IN ERROR.

Verdict against evidence. Where the only error assigned is that the verdict is not sustained by the evidence, it will not be set aside, unless it is against the clear preponderance of the testimony.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Brown, Ryan & Brown*, for plaintiff in error.

*Burr & Marshall*, for defendant in error.

MAXWELL, J.

This is an action to recover for one-half of a reaping machine. It is alleged in the petition in substance that on the — day of July, 1875, the defendant herein sold to James and Thomas Elliott a reaping machine for the sum of $50.00, and that afterwards Thomas Elliott, being desirous of engaging in a different business, sold one-half of said machine back again to the defendant, who thereafter, with the assent of James Elliott, sold the same to the plaintiff. The answer consists of a statement that the plaintiff purchased one-half of the machine in ques-

tion from James Elliott, and a denial of all the other allegations of the petition. On the trial of the cause a verdict was rendered in favor of Cooley. The defendant below brings the cause into this court by petition in error. The only error relied upon is that the verdict is not supported by the evidence. It is an established rule in this court, that where a verdict is unsupported by the evidence, or is against the clear and decided preponderance thereof, it will be set aside. But a mere difference of opinion between the court and jury will not justify the court in setting a verdict aside. The verdict or finding must be clearly wrong to justify an interference with it, and when the court merely doubts its correctness it will not be disturbed. In this case it is admitted that the plaintiff purchased one-half of the reaper, but it is claimed that he purchased the same from James Elliott. The only question in issue therefore is, from whom did he purchase? Upon this point the testimony is conflicting, but the weight of testimony seems to sustain the verdict. There is certainly no preponderance against it. There is no error in the record, and the judgment must be affirmed.

JUDGMENT AFFIRMED.